UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AXEL RONALDY HERNANDEZ
SALAZAR,

                    Petitioner,

        v.

MARKWAYNE MULLIN, et al.,

CASE NO. 2:26-cv-01961-BAT

**ORDER GRANTING PETITION
AND ORDERING RELEASE**

Petitioner filed a 28 U.S.C. § 2241 habeas petition requesting the Court order: (1) his immediate release him from immigration detention; (2) Respondents be permanently enjoined from redetaining him without notice and a hearing; and (3) attorney fees and costs be awarded. The Court **GRANT**S the habeas petition as follows.

1.        Petitioner entered the United States in December 2021 when he was 17 years old and was released as a minor by the Office of Refugee Resettlement (ORR). A Notice to Appear was issued stating Petitioner was "an alien present in the United States who has not been admitted or paroled." In March 2022, Petitioner's ORR release expired but Respondents did not place him on any other type of conditional release or alternative to detention. On April 26, 2026, Petitioner was arrested by Respondents in Salt Lake City and transferred to the Northwest ICE Processing Center. Respondent's claim Petitioner did not request a bond hearing and that on June

ORDER GRANTING PETITION AND
ORDERING RELEASE - 1

16, 2026, an immigration judge (IJ) denied Petitioner's application for relief and ordered Petitioner be removed to Guatemala. Petitioner reserved the right to appeal and the appeal deadline is July 17, 2026.

2.    The Court rejects Respondents' contention Petitioner is subject to mandatory detention 8 U.S.C. § 1225 because he is an "applicant for admission." Petitioner has lived in the United States for four and a half years and the Notice to Appear that Respondent's issued stated Petitioner is "an alien present in the United States who has not been admitted or paroled," not an "arriving alien." Accordingly, the Court finds Petitioner's detention is governed by 8 U.S.C. § 1226.

3.    Petitioner contends he was redetained in violation of due process. Both Petitioner and Respondents address this claim applying the test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976):

(1) the private interest affected by the official action;

(2) the risk of erroneous deprivation of such interest through the procedures used and value of procedural safeguards; and

(3) the Government's interest and burdens additional procedural safeguards would entail. *Id.* at 334-35.

4.    Petitioner's liberty interest in continued freedom from detention weighs in his favor. The risk of erroneous deprivation is high. Petitioner has lived in the country for over four years, there is no indication he has a criminal record or has engaged in conduct indicating he is a threat to the community or a risk of flight. Lastly the Court finds the third *Mathews* factor favors Petitioner because Respondents' interest in civil detention of Petitioner is low. *See E.A. T.B*, *v. Wamsley*, 795 F.Supp.3d 1316, 1323-24 (W.D. Wash. 2025).

ORDER GRANTING PETITION AND
ORDERING RELEASE - 2

6.      The Court accordingly finds Petitioner has a protected liberty interest in his continuing release from custody and each of the *Mathews* factors weigh in his favor. The Court further finds a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty. *E.A. T.B*, 795 F.Supp.3d at 1323-24, citing *Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention.").

For the foregoing reasons, the Court **ORDERS**:

1.      Petitioner's petition for writ of habeas corpus is **GRANTED**.

2.      Respondents shall **RELEASE** Petitioner from immigration detention within 24 hours of the date and time this order is filed.

3.      Respondents shall file a **CERTIFICATION** Petitioner has been released no later than 48 hours of the date and time this order is filed.

4.      The Court denies any blanket request that Respondents be enjoined from ever redetaining Petitioner again without first providing notice and a hearing because there may be valid statutory grounds that require Respondents to redetain him. *See e.g.* U.S.C. § 1226(c). However, Respondents are **PROHIBITED** from redetaining without notice and a hearing Petitioner for invalid reasons or no reason at all.

5.      Petitioner's counsel may move for EAJA fees and costs consistent with the law and the statute. If counsel requests EAJA fees be paid directly to counsel, counsel shall submit sufficient evidence that Petitioner has assigned fees and costs to counsel.

ORDER GRANTING PETITION AND
ORDERING RELEASE - 3

6.      As the Court is granting Petitioner immediate release, the Court issues this order in advance of the date by which Petitioner was entitled to file a reply to Respondent's traverse.

7.      The clerk shall provide a copy of this order to all counsel.


DATED this 24th day of June, 2026.


_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING PETITION AND
ORDERING RELEASE - 4